WILLIAM DUNN v. THE STATE.

No. 19805.   Delivered June 1, 1938.
Rehearing denied November 2, 1938.

The opinion states the case.

*Shelburne H. Glover,* of Jefferson, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is selling whisky in a dry area; the punishment, a fine of $100.

M. G. Closs, an inspector of the Texas Liquor Control Board, testified that he bought a pint of whisky from appellant on the 24th of October, 1937. The proof on the part of the State was

to the further effect that justice precinct No. 3 of Marion County, in which the sale was made, was a dry area.

Appellant did not testify. The effect of the testimony of his wife was that appellant made no sale of whisky to Mr. Closs on the occasion in question.

Bill of exception No. 1 relates to appellant's motion to quash the jury panel on the ground that some of the jurors had sat on another case against appellant and also had tried several liquor cases during the week. The bill is qualified as follows: "Statements above are statements of counsel and not of the court, and are not certified as being true." The bill fails to reflect error.

Bill of exception No. 2 is concerned with appellant's objection to the introduction in evidence of a pint of whisky. This was the whisky that the witness Closs testified he purchased from appellant. The objection was not well taken.

Bill of exception No. 5, relating to the argument of the county attorney, as qualified, fails to present error.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant claims that his bill of exception number three reflects error. We observe that said bill as it appears in the transcript does not bear the approval of the trial judge. For that reason, perhaps, it was not discussed in our original opinion. However, if it was approved and the failure to so show resulted from oversight in preparing the transcript no error is shown. The State relied upon an election held in justice precinct No. 3 of Marion County in January, 1910. Bill of exception number three shows that upon cross-examination of the deputy county clerk of said county appellant attempted to prove by him that at an election held in said precinct in October, 1936, the sale of intoxicating liquor was legalized. Objection was sustained because the record was the best evidence. It does not appear that the original record or certified copies thereof were offered in evidence.

Appellant's motion for rehearing is overruled.